IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ROME DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Rome

AUG 28 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ORIGINAL

| | |
|---|---|
| UNITED STATES OF AMERICA : | UNDER SEAL |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 4:06-CR-62-HLM |
| MOHAMED SHORBAGI : | |

## JOINT MOTION TO SEAL THE COURTROOM AND RECORD

Comes now the United States of America, by David E. Nahmias, United States Attorney, and Kim S. Dammers, Assistant United States Attorney, for the Northern District of Georgia, and Michael Trost, Counsel for Defendant Mohamed Shorbagi, and files this JOINT MOTION TO SEAL THE COURTROOM AND RECORD as follows.

The Court has scheduled defendant's entry of a guilty plea to a Criminal Information charging material support of terrorism for Monday, August 28, 2006 at 1:30 pm. The parties contemplate defendant's continued cooperation in this and related matters, including providing testimony at trials involving issues of national security that are already set in other districts. It is anticipated that the defendant will provide at these trials important information regarding conduct related to the material support of terrorism. Because of this, closure of the Courtroom during the plea

hearing, and the sealing of the plea agreement entered into by the parties and of this motion is essential to preserve the personal safety of the defendant and his family and in consideration of national security interests.

The right of public access to a court proceeding implicates both the First and Sixth Amendments. See Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596 (1982) (analyzing press and public interest of access under First Amendment); Waller v. Georgia, 467 U.S. 39, 46 (1984) (recognizing Sixth Amendment right of accused to public proceedings). In this case, the defendant joins in this motion, and thereby waives any Sixth Amendment right.

The First Amendment right of public access extends to plea hearings. United States v. Ochoa-Vasquez, 428 F.3d 1014, 1028-29; In re The Herald Co., 734 F.2d 93, 98 (2d Cir. 1984). The parties recognize that "[p]ublic trials and judicial proceedings are 'rooted in the principle that justice cannot survive behind walls of silence'." Ochoa-Vasquez, 428 F.3d at 1029 (quoting Gannett Co. v. DePasquale, 443 U.S. 368, 412 (1979) (internal quotations marks omitted). Notwithstanding, "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly

2

made." Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 510 (1984).

Under 28 C.F.R. § 50.9, a government attorney may not move to close a proceeding unless:

(1) No reasonable alternative exists for protecting the interests at stake;
(2) Closure is clearly likely to prevent the harm sought to be avoided;
(3) The degree of closure is minimized to the greatest extent possible;
(4) The public is given adequate notice of the proposed closure; and, in addition, the motion for closure is made on the record, except where the disclosure of the details of the motion papers would clearly defeat the reason for closure under Paragraph (c)(6) of this section;
(5) Transcripts of the closed proceedings will be unsealed as soon as the interests requiring closure no longer obtain; and
(6) Failure to close the proceedings will produce;
    (i) A substantial likelihood of denial of the right of any person to a fair trial; or
    (ii) A substantial likelihood of imminent danger to the safety of parties, witnesses, or other persons; or
    (iii) A substantial likelihood that ongoing investigations will be seriously jeopardized.

Id. at § 50.9(c).

In this case, all factors counsel in favor of closure. Because the parties anticipate that defendant will testify as a government witness in several different terrorism trials in other districts, the risk to the safety and his family is palpable, and failure to close the proceedings would result in a substantial likelihood of imminent danger to the defendant. The parties, moreover, can identify no reasonable alternative

to closure that will adequately protect the safety and national security interests at stake in this case because only closure is likely to prevent those who might wish the defendant and the United States harm from learning of defendant's cooperation. Complete closure will be necessary only until the defendant testifies, at which time the government will seek limited disclosure of the transcripts and sealed documents for purposes of the Giglio and Jencks.

Finally, this motion will provide adequate public notice. A motion to close a court proceeding maybe filed under seal upon leave of court, but the public docket should reflect the fact that the motion was filed. United States v. Alcantara, 396 F.3d 189, 200 (2d Cir. 2005). The docket entry will be considered to provide timely notice when, as here, entry is made "on the day the pertinent event occurs." Id.

For these reason, the parties respectfully request that the Court close the Courtroom during the plea hearing, seal the transcript of the proceeding, seal the plea

4

agreement, and seal the parties' instant motion. Defense counsel has expressly authorized the undersigned attorney to state to the Court his consent to this motion.

>Respectfully submitted,
>
> DAVID E. NAHMIAS
> UNITED STATES ATTORNEY
>
> KIM S. DAMMERS
> ASSISTANT UNITED STATES ATTORNEY
> 600 U.S. Courthouse
> 75 Spring St., S.W.
> Atlanta, GA 30303
> (404)581-6187
> (404)581-6181 (Fax)
>
> Georgia Bar No. 425317

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by hand deliver to:

>Michael Trost, Esq.
>Suite 300
>1800 Peachtree St., N. W.
>Atlanta, GA 30309-2504

This 28th day of August, 2006.

KIM S. DAMMERS
ASSISTANT UNITED STATES ATTORNEY