**FILED IN CLERK'S OFFICE**
U.S.D.C. Rome

IN THE UNITED STATES DISTRICT COURT

AUG 28 2006

FOR THE NORTHERN DISTRICT OF GEORGIA   JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ROME DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | UNDER SEAL |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. |
| MOHAMED SHORBAGI | : | |

4 06-CR- 62 -HLM

## ORDER TO SEAL THE COURTROOM AND RECORD

Before the Court is the Parties' Joint Motion to Seal the Court and the Record regarding defendant's plea to a Criminal Information. The Court has scheduled the plea hearing to the above-referenced Criminal Information for August 28, 2006.

The right of public access to a court proceeding implicates both the First and Sixth Amendments. See Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596 (1982) (analyzing press and public interest of access under First Amendment); Waller v. Georgia, 467 U.S. 39, 46 (1984) (recognizing Sixth Amendment right of accused to public proceedings). In this case, because the defendant joined in the motion, he waives any Sixth Amendment right.

The First Amendment right of public access extends to plea hearings. United States v. Ochoa-Vasquez, 428 F.3d 1014, 1028-29; In re The Herald Co., 734 F.2d

1

93, 98 (2d Cir. 1984). That right, however, is outweighed where a court finds "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 510 (1984). A court ordering closure must articulate the interest "along with findings specific enough that a reviewing court can determine whether the closure order was properly made." Id.

In this case, the parties have shown that closure of the Courtroom and sealing of the record is essential to preserve the defendant's safety and the safety of his family, as well as to address national security issues. In their motion, the parties state that defendant is cooperating in this case and in related matters, to include providing testimony at trials involving issues of national security that are already set in other districts. Because of defendant's anticipated cooperation regarding matters related to terrorism, the risk to his safety and the safety of his family is palpable, and failure to close the proceedings would result in a substantial likelihood of imminent danger to the defendant.

The Court, moreover, can identify no reasonable alternative to closure that will adequately protect the safety and national security interests at stake in this case. Only closure is likely to prevent those who might wish the defendant and the United States harm from learning of defendant's cooperation.

Accordingly, the Court HEREBY GRANTS the Parties' Motion to Seal the Courtroom and the Record and ORDERS that the Courtroom be closed to the public during the pendency of the defendant's plea hearing. The Court FURTHER ORDERS that the transcript of the plea hearing be sealed until such time as the Court directs otherwise. The Court DIRECTS the Clerk of the Court to file this Order and the Parties' Motion under seal.

SO ORDERED this 28th day of August, 2006.

_____
HAROLD L. MURPHY
UNITED STATES DISTRICT JUDGE