**ORIGINAL**

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

CRIMINAL INFORMATION NO. 4:06-CR-062-HLM

MOHAMED SHORBAGI, defendant, having received a copy of the above-numbered Criminal Information and having waived arraignment, hereby pleads GUILTY thereto. The defendant, his counsel, and the United States Attorney for the Northern District of Georgia ("the Government"), as counsel for the United States, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which follow.

1.  The defendant admits that he is pleading guilty because he is in fact guilty of the crimes charged in the Criminal Information.

2.  The defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the defendant would have the right to an attorney, and if the defendant could not afford an attorney, the Court would appoint one to represent the defendant. During the trial, the defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The defendant would have the right to confront and cross-examine the witnesses against him. If the defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the defendant did not wish to testify, that fact could not be used against him. If the defendant were found guilty

after a trial, he would have the right to appeal the conviction. The defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind. The defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the sentence in post-conviction proceedings. By entering this Plea Agreement, the defendant may be waiving some or all of those rights to appeal or collaterally attack his sentence, as specified below. Finally, the defendant understands that, to plead guilty, he may have to answer questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

3. At trial, the defendant agrees that the government could prove beyond a reasonable doubt the following facts:

    a. Beginning on a date unknown, but no later than October 8, 1997, and continuing until on or about December 4, 2001, the defendant entered into an agreement and understanding with others to provide monetary support to HAMAS.

    b. As part of this agreement, the defendant made regular monetary contributions to the Holy Land Foundation for Relief and Development (HLF) on behalf of himself and others, knowing that HLF then supplied some or all of that money to HAMAS, including donations made after October 26, 2001.

    b. At all times that the defendant provided monetary support to HAMAS, he knew that HAMAS engaged in terrorist activity and that HAMAS

2

was a designated Foreign Terrorist Organization under the laws of the United States.

 f. The defendant provided monetary support to HAMAS for the purpose, in part, of influencing or affecting the conduct of the government of Israel by intimidation or coercion, or to retaliate against the governmental actions of Israel.

4. **MAXIMUM PENALTY:** The defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

 (a) Maximum term of imprisonment: 15 years

 (b) Mandatory minimum term of imprisonment: none

 (c) Term of supervised release: not more than 3 years

 (d) Maximum fine: $250,000

 (e) Mandatory special assessment: $100

5. The defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines. Ultimately, it is within the Court's discretion to impose a sentence up to and including the statutory maximum. The defendant also understands that no one can predict his exact sentence at this time.

6. Based upon the evidence currently known to the Government, the Government will recommend, and the defendant agrees, that Sections 2M5.3 and 3A1.4 of the

United States Sentencing Guidelines apply in determining the defendant's applicable offense level:

U.S.S.G. § 2M5.3 (material support of terrorism): The parties agree that under U.S.S.G. § 2M5.3, the base offense level is 26.

U.S.S.G. § 3A1.4 (terrorism enhancement): The parties agree that under U.S.S.G. § 3A1.4, the base offense level is increased by 12 levels to level 38, and the Criminal History Category is increased to VI.

The parties understand, however, that regardless of the applicable guideline range the sentence cannot exceed the statutory maximum of 15 years.

7. The Government will recommend that the defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the defendant falsely deny or falsely attempt to minimize his involvement in relevant offense conduct, give conflicting statements about his involvement, fail to pay the special assessment, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

8.  The defendant agrees to cooperate truthfully and completely with the Government, including being debriefed and providing truthful testimony at any proceeding resulting from or related to his cooperation. The defendant also agrees to disclose the existence of and to produce to the Government any and all books, papers, documents, and other items of evidentiary value that are in his actual or constructive possession. The defendant understands that the Government alone will determine what forms of cooperation to request from the defendant, and the defendant agrees that he will not engage in any investigation that is not specifically authorized by the Government.

9.  It is understood that defendant's truthful cooperation with the Government is likely to reveal activities of individuals who might use violence, force, and intimidation against the defendant, his family, and loved ones. Should Defendant's cooperation present a significant risk of physical harm to the defendant or his family, this Government, upon the written request of the defendant, will take steps that it determines to be reasonable and necessary to attempt to ensure his safety and that of his family and loved ones. These steps may include, but are not guaranteed to include, application for an S-Visa, whereby the defendant may be permitted to reside legally in the United States under certain guidelines and conditions and/or application to the Witness Security Program of the United States Marshal's Service, whereby the defendant, his family, and loved ones, if approved, could be relocated under a new identity. The defendant understands, however, that the neither the S-Visa program or the Witness Security Program is administered by the United States Attorney's Officer or is under the direction and control of the United States Attorney's Office.

10. Pursuant to Section 1B1.8 of the Sentencing Guidelines, the Government agrees that any self-incriminating information that was previously unknown to the Government and is provided to the Government by the defendant in connection with cooperation and as a result of this Plea Agreement will not be used in determining the applicable sentencing guideline range, although such information may be disclosed to the Probation Office and the Court. The Government also agrees not to bring additional charges against the defendant, with the exception of charges resulting from or related to the defendant's direct participation in violent criminal activity, based on any information provided by the defendant in connection with his cooperation that was not known to the Government prior to the cooperation. However, if the Government determines that the defendant has not been completely truthful and candid in his cooperation with the Government, he may be subject to prosecution for perjury, false statements, obstruction of justice, and any other appropriate charge, and all information he has provided may be used against him in such a prosecution.

11. In exchange for the defendant's cooperation, the Government has agreed not to bring additional criminal charges against him, so that he is exposed to lower penalties than he otherwise would be. The Government agrees further to make the extent of the defendant's cooperation known to the sentencing Court. In addition, if the cooperation is completed before sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines, the Government will consider whether to file a motion at sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed after sentencing and the Government determines that such cooperation

qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, the Government will consider whether to file a motion for reduction of sentence. In either case, the defendant understands that the determination as to whether he has provided "substantial assistance" rests solely with the Government. Good faith efforts by the defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. The defendant also understands that, should the Government decide to file a motion pursuant to this paragraph, the Government may recommend any specific sentence, and the final decision as to what credit, if any, the defendant should receive for his cooperation will be determined by the Court. If the defendant fails to cooperate truthfully and completely, including testifying truthfully at any trial of his co-defendants or if the defendant engages in additional criminal conduct or other conduct inconsistent with cooperation, he will not be entitled to any consideration whatsoever pursuant to this paragraph.

12. As set forth in Paragraph 11, the Government has agreed, in consideration of the defendant's cooperation, not to bring additional criminal charges against him, including charges related to his fraudulent conduct. The defendant, however, agrees to pay full restitution to the victims of those fraud crimes that the Government as part of this plea agreement has agreed not to charge. The defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing, but agrees that the total of such restitution is at least $240,000. The defendant also agrees to cooperate fully in the investigation of the amount of restitution and the identification of victims.

13.     The defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and he is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the Government deems appropriate. Finally, the defendant and his counsel agree that Government officials may contact the defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

14.     The defendant knowingly, voluntarily, and expressly waives any statute of limitations defense that might exist regarding the charge to which he pleading guilty in the above-number Criminal Information.

15.     The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the Government also reserves the right to make recommendations regarding application of the Sentencing Guidelines.

16.     The defendant agrees that, <u>before</u> the date of sentencing, he will pay a special assessment in the amount of $100 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303. The defendant agrees to bring proof of such payment to the sentencing hearing.

17.     **LIMITED WAIVER OF APPEAL:** To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, except that the defendant may file a direct appeal of an upward departure from the otherwise applicable sentencing guideline range. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of his sentence.

18.     The parties agree that no biological evidence ( as defined in 18 U.S.C. § 3600A) has been identified in this case; therefore, the defendant understands and agrees that no evidence will be preserved for DNA testing.

19.     With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a

different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

20. If the defendant fails in any way to fulfill each one of his obligations under this Plea Agreement, the Government may elect to be released from its commitments under this Plea Agreement. The Government may then prosecute the defendant for any and all Federal crimes that he has committed related to this case, including any charges dismissed pursuant to this Plea Agreement, and may recommend to the Court any sentence for such crimes up to and including the maximum sentence. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial defense to such a prosecution, except to the extent that such a defense exists as of the date he signs this Plea Agreement. In addition, the defendant agrees that, in such a prosecution, all admissions and other information that he has provided at any time, including all statements he has made and all evidence he has produced during proffers, interviews, testimony, and otherwise, may be used against him, regardless of any constitutional provision, statute, rule, or agreement to the contrary. Finally, the defendant understands that his violation of the terms of this Plea Agreement would not entitle him to withdraw his guilty plea in this case.

[remainder of page intentionally left blank]

21. There are no other agreements, promises, representations, or understandings between the defendant and the Government.

In Open Court this 28th day of August, 2006.

_____
SIGNATURE (Attorney for Defendant)
MICHAEL TROST, ESQ.

_____
SIGNATURE (Defendant)
MOHAMED SHORBAGI

_____
SIGNATURE (Assistant U.S. Attorney)
KIM DAMMERS

_____
SIGNATURE (Approving Official)
DAVID E. NAHMIAS
UNITED STATES ATTORNEY

8-24-06
DATE

11

## CERTIFICATION OF DEFENDANT AND COUNSEL

I have read the Criminal Information against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____           8/28/2006
SIGNATURE (Defendant)                DATE

I am MOHAMED SHORBAGI's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____           8/28/2006
Michael Trost, Esq.                  DATE
Attorney for Mr. SHORBAGI

## INFORMATION BELOW MUST BE TYPED OR PRINTED

Michael Trost
NAME (Attorney for Defendant)

MOHAMED SHORBAGI
NAME (Defendant)

Suite 300
1800 Peachtree St., N. W.
Atlanta, GA 30309-2504

_____
STREET

-

_____
CITY & STATE    ZIP CODE

PHONE NUMBER 404/352-9300

PHONE NUMBER _____

STATE BAR OF GEORGIA NUMBER  716681

Filed in Open Court

FILED IN OPEN COURT
8-28-06
James N. Hatten, Clerk
By: [signature]
By _____    Deputy Clerk

U. S. DEPARTMENT OF JUSTICE
*Statement of Special Assessment Account*

*This statement reflects your special assessment only. There may be other penalties imposed at sentencing.*

| ACCOUNT INFORMATION | |
|---|---|
| **CRIMINAL ACTION NO.:** | |
| **DEFENDANT'S NAME:** | **MOHAMED SHORBAGI** |
| **PAY THIS AMOUNT:** | $100 |

**INSTRUCTIONS:**

1. *PAYMENT MUST BE MADE BY **CERTIFIED CHECK** OR **MONEY ORDER** PAYABLE TO:*

   *CLERK OF COURT, U.S. DISTRICT COURT*

   ***PERSONAL CHECKS WILL NOT BE ACCEPTED***

2. *PAYMENT MUST REACH THE CLERK'S OFFICE WITHIN 30 DAYS OF THE ENTRY OF YOUR GUILTY PLEA*

3. *PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:*

   *Clerk of Court, U.S. District Court*
   *600 East First Street*
   *Rome, Georgia 30161*

   *(Do not Send Cash)*

4. *INCLUDE DEFENDANT'S NAME ON **CERTIFIED CHECK** OR **MONEY ORDER***

5. *ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT*

6. *PROVIDE PROOF OF PAYMENT TO THE ABOVE-SIGNED AUSA WITHIN 30 DAYS OF THE GUILTY PLEA*